UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMEKA MASON-RAMSEY,

                Plaintiff,

-against-

SAUNDRA VEREANE RAMSEY;
LAVELLE MASON; GWENDOLYN
MARSHALL; DARYL CARTER,

                Defendants.

23-CV-0534 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is a resident of Jamaica, New York, brings this *pro se* action. She invokes the court's federal question jurisdiction, alleging that Defendants violated her rights under federal law. Named as defendants are Saundra Vereane Ramsey,[1] Lavelle Mason, Gwendolyn Marshall, and Daryl Carter. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff indicates in the body of the complaint that this defendant is also known as Saundra Vereane Johnson.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants stole checks from the mailbox of her home in Jamaica, Queens County, New York. She provides the following residential information for three of the four defendants: Defendant Mason resides in West Hempstead, Nassau County, New York; Defendant Marshall resides in Uniondale, Nassau County, New York; and Defendant Carter resides in Roosevelt, Nassau County, New York. Plaintiff does not, however, plead facts about the residence of the fourth defendant, Defendant Ramsey, but asserts that she is a citizen of New York. Both Queens and Nassau Counties are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Even if the Court did assume that Defendant Ramsey resides in this District and that venue is proper here under Section 1391(b)(1), because three of the defendants reside in Nassau County and the events giving rise to Plaintiff's claims occurred in Queens County, venue would also be proper in the Eastern District of New York under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

also *N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Three of the four defendants reside in Nassau County, and the underlying events giving rise to the claims occurred in Queens County. Because Plaintiff does not reside in this District and the operative events did not occur in this District, Plaintiff's choice of forum is afforded less deference. See *Iragorri*, 274 F.3d at 72. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case in this court.

3

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 6, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge