UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHAMEKA MASON-RAMSEY,

                Plaintiff,

        - against -

SAUNDRA VEREANE RAMSEY,
LAVELLE MASON,
GWENDOLYN MARSHALL, and
DARYL CARTER,
                Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1257 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Shameka Mason-Ramsey filed the above-captioned *pro se* civil action in the United States District Court for the Southern District of New York, and it was transferred to this Court on February 16, 2023. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited purpose of this Order. For the reasons that follow, the action is dismissed.

## BACKGROUND

Plaintiff filed her Complaint on a standardized form used for civil actions. In the section of the form that requests a litigant to set forth a basis for federal jurisdiction over the lawsuit, Plaintiff checked the box for federal question jurisdiction. By way of explanation, Plaintiff states: "It is a federal crime to steal others mail [sic]." (Compl., Dkt. 2, at 2.) In the Statement of Claim, Plaintiff alleges: "The defendants lifted multiple checks from my mail box via checkhold." (*Id.* at 5.) In the section for Injuries, Plaintiff asserts: "Loss of income." (*Id.* at 6.)

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). At the same time, the Court must dismiss a case filed by a *pro se* plaintiff if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In addition to pleading sufficient facts, a plaintiff seeking to bring a lawsuit in federal court must also establish that the court has subject matter jurisdiction over the action. The Federal Rules of Civil Procedure require that if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). There are two types of federal subject matter jurisdiction—federal question jurisdiction and diversity jurisdiction. For federal question jurisdiction—which Plaintiff asserts here—a complaint must allege a claim based on a federal law. *See* 28 U.S.C. § 1331.

Plaintiff's Complaint states that it is a "federal crime to steal others mail [sic]." However, criminal laws may not serve as the basis for a civil cause of action unless the criminal statute

includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (explaining that no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). Although there are federal statutes criminalizing mail theft and related activities, these laws do not create a private cause of action. *See Muth v. Kiefer*, No. 19-CV-413 (TJM/DEP), 2019 WL 2082259, at *1 (N.D.N.Y. May 13, 2019) (advising that there is no private civil right of action under 18 U.S.C. § 1702, a statute dealing with the interference of the mail); *Pierre v. United States Postal Serv.*, No. 18-CV-7474 (MKB), 2019 WL 653154, at *3 (E.D.N.Y. Feb. 15, 2019) ("The Court has no jurisdiction to adjudicate Plaintiff's mail fraud/theft claim as the mail theft statutes do not create a private cause of action."); *McFarlane v. Roberta*, 891 F. Supp. 2d 275, 285 (D. Conn. 2012) (finding no private cause of action for mail theft under 18 U.S.C. § 1708 because it is a criminal statute and there is no indication that Congress intended to create a private right of action under the statute); *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) ("[F]ederal courts uniformly have held that there is no private right of action under [18 U.S.C. § 1703].").

Moreover, private citizens do not have the power to initiate prosecutions of alleged crimes. The decision to investigate or prosecute a person for an alleged violation of a federal criminal statute is left to the discretion of federal law enforcement agencies, including the United States Attorney's Offices. *See Leeke v. Timmerman,* 454 U.S. 83, 85 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

As Plaintiff presents no other basis for federal jurisdiction over her claim that her mail was stolen, the complaint must be dismissed.

**LEAVE TO AMEND**

In deference to Plaintiff's *pro se* status, the Court will permit Plaintiff to file an amended complaint within thirty (30) days from the date of entry of this Order. Should Plaintiff elect to file an amended complaint, she is informed that the amended complaint must plead facts plausibly alleging a basis for this Court's subject matter jurisdiction. Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

**CONCLUSION**

For the reasons set forth above, the action is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3); *see also Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. 2023) (noting that *sua sponte* dismissal is appropriate where claims are plainly deficient and it is "unmistakably clear" that they "lack[ ] merit" or are "otherwise defective.").

Plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, judgment shall enter. All further proceedings shall be stayed for thirty (30) days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 20, 2023
      Brooklyn, New York